IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| MARTIN LINDSTEDT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-5062-CV-SW-RED |
| | ) | |
| ROBIN CARNAHAN | ) | |
| Secretary of State, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

NOW before the Court is Plaintiff's Response to the Order to Show Cause (Doc. 8).

This Court entered an Order to Show Cause, requesting that Plaintiff demonstrate why his previous filings with the Court were not filed with the purpose of harassment or embarrassment in contravention of Rule 11 of the Federal Rules of Civil Procedure. Plaintiff's response states that "Plaintiff filed this lawsuit on July 21, 2004, to be just before the primary election so that it would be picked up by the news and entertainment media, and thus make of Defendant Blunt an object of ridicule and contempt for his lawless and corrupt behavior [sic]." Moreover, Plaintiff affirms that this lawsuit is part of his assertion to "'do everything in my power to embarrass and humiliate' defendant Blunt." Thus, the statements contained in Plaintiff's response to the Court are essentially admissions of violations of Rule 11.

Even if the Court found that Plaintiff had established that a reasonable basis existed for the filing of the original complaint, the Court would find that sanctions must be assessed based on the Rule 11 language prohibiting the filing of a pleading for an improper purpose. "[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus ... streamline the

administration and procedure of the federal courts." *Cooter & Gell,* 496 U.S. at 393 (quoting Advisory Committee Note on Rule 11, 28 U.S.C.App. p. 576). Dismissal is a legitimate and appropriate sanction under Rule 11, *see Carman v. Treat,* 7 F.3d 1379, 1382 (8th Cir.1993); *Rhinehart v. Stauffer,* 638 F.2d 1169, 1171 (9th Cir.1979), when lesser sanctions would be ineffective or are unavailable. *See Dodson v. Runyon,* 86 F.3d 37, 39-40 (2d Cir.1996); *Henry v. Gill Indus., Inc.,* 983 F.2d 943, 948 (9th Cir.1993).

Plaintiff admits that he timed his filing of the lawsuit to coincide with the recent state election and to draw negative media attention at the time of the state election. From this and similar admissions in Plaintiff's filings the Court can reasonably conclude that the complaint was filed solely to attract publicity to Plaintiff's claims and to harass the Defendant, and not because Plaintiff had conducted an inquiry revealing that the claims had a reasonable basis in law or in fact. *See, e.g., Bryant v. Brooklyn Barbeque Corp.*, 130 F.R.D. 665, 670 (W.D. Mo.1990). Amendment of the Plaintiff's Complaint would not deter nor properly address Plaintiff's improper filing of the Complaint. Plaintiff's Complaint shall be dismissed with prejudice. Plaintiff shall bear his own costs.

**IT IS SO ORDERED.**

DATE:     May 10, 2005             */s/ Richard E. Dorr*
                                    RICHARD E. DORR, JUDGE
                                    UNITED STATES DISTRICT COURT